UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANDIP K. SINGH,

                              Plaintiff,

        -against-

KNUCKLES, KOMOSINSKI & MANFRO, LLP;
and DEBBIE BHOORASINGH, individually,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/22/2022__

No. 18-CV-3213 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mandip K. Singh ("Plaintiff") brings this action against her former employer, Defendant Knuckles, Komosinski & Manfro, LLP ("KKM"), and former supervisor Defendant Debbie Bhoorasingh (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290, *et seq.* (ECF No. 1.) Plaintiff alleges Defendants unlawfully terminated her employment due to her pregnancy and gender. A trial is currently scheduled for the week of April 4, 2022. (Minute Entry dated July 29, 2021.) Before the Court is Defendants' motion *in limine* (ECF No. 56).

Defendants moved *in limine* to preclude Plaintiff from providing: (1) testimony about her job performance while employed at KKM; (2) testimony concerning her anxiety, irritable bowel syndrome, or any other medical diagnosis; and (3) testimony that Plaintiff was medically required to be on bed rest or was physically unable to work during her pregnancy. (ECF No. 56.)

For the following reasons, the motion is denied.

1

## BACKGROUND

The Court assumes familiarity with the facts and allegations in this case, as well as the procedural background of this case. *See, e.g.*, *Singh v. Knuckles v. Komosinski & Manfro, LLP et al*, No. 18-cv-3213, 2020 WL 6712383, Dkt. No. 48 (S.D.N.Y. November 16, 2020) (addressing Defendants' motion for summary judgment). Additional factual information relevant to the parties' motions *in limine* is addressed in the applicable section of the Court's discussion.

On February 18, 2022, Defendants filed a motion *in limine*. ("Defs. Mot.," ECF No. 56.) On February 25, 2022, Plaintiff filed an opposition. ("Pl. Opp.," ECF No. 58.) On March 4, 2022, Defendants filed a response in support of their motion. ("Defs. Reply," ECF No. 59.)

## LEGAL STANDARDS

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation omitted). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09 CR 1153 MEA, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence

2

in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403, *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

### I.    Plaintiff's Testimony Regarding Her Job Performance

Defendants seek to preclude Plaintiff from providing testimony about her job performance while employed at KKM. (Defs. Mot. at 2.) Defendants argue that Plaintiff's own opinion about her job performance is irrelevant because it is the perception of the decisionmaker that is relevant to the issue of whether Plaintiff has satisfactorily performed her duties required by her position. (*Id.*) Defendants also argue that admitting such testimony would unduly prejudice Defendants, create confusion of the issues for the jury, and potentially mislead the jury. (*Id.* at 5.) Specifically, Defendants seek to preclude Plaintiff's testimony that (i) she was an "exemplary employee"; (ii) she was complimented by her supervisors for her work performance; and (iii) prior to her pregnancy Defendants took no issues with Plaintiff's absences from work. (Defs. Mot. at 4–5; Defs. Reply at 2–3.) Plaintiff maintains that testimony on what her job duties were and when and how she performed such duties is relevant and admissible. (Pl. Opp. at 3–4.)

First, this Court finds that Plaintiff's testimony that she was an exemplary employee is admissible. Federal Rule of Evidence 401 defines relevant evidence as that which "has any

tendency to make a fact more or less probable than it would be without the evidence." The Second Circuit has characterized the relevance threshold as "very low." *See United States v. White*, 692 F. 3d 235, 246 (2d Cir. 2012). Plaintiff's assessment of her own job performance is relevant to the issue of whether she performed her job satisfactorily. Other courts have similarly permitted testimony of a plaintiff's assessment of his or her own job performance. *See, e.g.*, *Moore v. Univ. of Pittsburgh of Commonwealth Sys. Of Higher Educ.*, No. CV 02-1734, 2005 WL 8165154, at *7 (W.D. Pa. Mar. 11, 2005) (admitting plaintiff's assessment of her own job performance and qualifications for gender discrimination claim).

The Court is not persuaded by Defendants' proposition that only the perception of the decisionmaker, not the plaintiff's perception, is relevant to an employment discrimination claim generally. The cases cited by Defendants are in the context of a plaintiff demonstrating pretext after a defendant has successfully satisfied its burden in setting forth a legitimate, nondiscriminatory reason for its conduct—not in the context of a plaintiff demonstrating a *prima facie* case of employment discrimination. *See Rosen v. Columbia Univ.*, No. 92 CIV. 6339 (AGS), 1995 WL 464991, at *7 (S.D.N.Y. Aug. 7, 1995), *aff'd sub nom. Rosen v. Feldman*, 101 F.3d 108 (2d Cir. 1996) ("at this—*the pretext stage*—the issue . . . is not plaintiff's views of his own qualifications" (emphasis added)); *Moylan v. Nat'l Westminster Bank*, 687 F. Supp. 54, 59 (E.D.N.Y. 1988) (". . . in determining whether plaintiff has shown pretext") (citing *Smith v. Flax*, 618 F.2d 1062, 1063 (4th Cir. 1980)); *Carlton v. Interfaith Med. Ctr.*, 612 F. Supp. 118, 122 (E.D.N.Y. 1985) (discussing standard for proving pretext); *Crawford-Mulley v. Corning Inc.*, 194 F. Supp. 2d 212, 220 (W.D.N.Y. 2002) ("plaintiff's speculation concerning the employer's motivation is insufficient to establish pretext"). Under the *McDonnell Douglas* framework, Plaintiff bears the initial burden to demonstrate a *prima facie* case of Title VII discrimination by

showing, among other things, that she was qualified for the position held. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff's testimony regarding her job performance is plainly relevant to whether she qualified for the position held. The probative value outweighs any Rule 403 factors of unfair prejudice, confusion of the issues, or misleading the jury.

Second, this Court finds Plaintiff's testimony that she was complimented by her work supervisors for her performance is admissible. This testimony is relevant to her Title VII claim as to whether she was qualified for the position held. Furthermore, courts in the Second Circuit have determined that in the employment discrimination context, a statement made by a speaker who played some role in the employment decision-making process can be a party admission. *See Hampson v. State Farm Mut. Auto Ins. Co.*, No. 112CV258BKSCFH, 2015 WL 12733388, at *6 (N.D.N.Y. Oct. 22, 2015) (collecting cases). Here, her work supervisor's compliments are potential admissions by Defendants regarding Plaintiff's qualifications for her position. The Court finds the probative value of this testimony outweighs any Rule 403 concerns.

Lastly, this Court finds that Plaintiff's testimony that her employers did not take issue with her absences until after her pregnancy is admissible. This testimony is undeniably relevant to Plaintiff's Title VII claim. An allegation that Plaintiff was reprimanded only after her pregnancy is significant to support an inference of discrimination on the basis of Plaintiff's pregnancy or gender. Such testimony is rationally based on Plaintiff's own perception and is helpful in assessing Defendants' motive for terminating Plaintiff's employment. *Cf. Stoe v. Garland*, No. CV 16-1618 (JDB), 2021 WL 4169313, at *8 (D.D.C. Sept. 14, 2021) (admitting plaintiff's opinion testimony that supervisor treated women worse than men in gender discrimination case). The probative value of the evidence on discriminatory intent is not outweighed by the Rule 403 factors of undue prejudice, confusing the issues, or misleading the jury. *Cf. King v. Hamblen Cty. Bd. Of Educ.*,

No. 2:14-CV-00249-JRG, 2016 WL 9175508, at *1 (E.D. Tenn. June 8, 2016) (finding probative value of plaintiff's testimony alleging she was replaced by a younger individual to outweigh the 403 factors for her ADEA claim).

Accordingly, the Court finds it premature to preclude Plaintiff's testimony regarding her job performance while employed at KKM from being offered at trial.  Plaintiff is reminded that any opinion testimony offered must be rationally based on her own perception.  *See* Fed. Rule Evid. 701.  Defendants are free to cross-examine Plaintiff and to raise any appropriate objections during Plaintiff's testimony at trial.

## II.    Plaintiff's Testimony Regarding Anxiety and Irritable Bowel Syndrome

Defendants seek to preclude Plaintiff from testifying that she suffered from anxiety as a result of her termination from KKM and that her symptoms of irritable bowel syndrome ("IBS") worsened.  (Defs. Mot. at 5.)  Defendants argue that "anxiety" and "IBS" are medical terms that require testimony from an individual with specialized knowledge pursuant to Federal Rule of Evidence 702.  (*Id.*)  Defendants argue that the probative value of any such testimony is minimal in contrast to the potential to mislead the jury and to unfairly prejudice Defendants.  (*Id.* at 6.) Plaintiff responds that testimony regarding emotional injuries or physical consequences suffered is permissible in an employment discrimination case.  (Pl. Opp. at 5.)

As an initial matter, Defendants concede that Plaintiff's testimony "concerning her feelings, emotions, or that she sought medical treatment because of physical symptoms" is admissible since Plaintiff has personal knowledge of such facts.  (Defs. Reply at 3.)  However, Defendants seek to preclude Plaintiff from claiming she suffers from anxiety or IBS or the use of such medical terms.  (*Id.*)  The Court finds that Defendants' motion is premature because the permissibility of the use of such terms is based on the counsel's line of questioning and the context

of the use of the words "anxiety" and "IBS" by Plaintiff.  Plaintiff may testify, based on her personal knowledge, as to her emotional or physical state before, during, and after her termination from KKM and is permitted to discuss seeking treatment by medical professionals.  *See Mercado v. Dep't of Corr.*, No. 3:16-CV-01622-VLB, 2019 WL 625697, at *2 (D. Conn. Feb. 14, 2019) (permitting plaintiff's testimony on treatment received and symptoms experienced).  Of course, Plaintiff is precluded from testifying as to medical causations or medical diagnosis, or any issues that require scientific, technical, or other specialized knowledge, which Plaintiff lacks.  *See* Fed. R. Evid. 702.  Accordingly, if during testimony, Plaintiff uses the term "anxiety" to describe experiencing "apprehensive uneasiness or nervousness" or "a state of being anxious" that is a permissible response.  *See* Anxiety, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/anxiety (last visited March 16, 2022).  However, to the extent Plaintiff describes herself as having the medical diagnosis or medical condition of "anxiety" at or around the time of termination from KKM,[1] this is not supported by the record and such testimony will be precluded.  Similarly, the record does not support a conclusion that Plaintiff was officially medically diagnosed with IBS.[2]  Accordingly, if Plaintiff uses the terms "IBS" or "irritable bowel syndrome" in the context of claiming she has an official medical diagnosis of the condition, such testimony will be precluded.

With the parameters detailed above, the Court denies Defendants' motion to preclude Plaintiff's testimony from using the terms "anxiety," "irritable bowel syndrome," and "IBS" as

---

[1] The record reflects that nurse practitioner Kaur Jackson treated Plaintiff with anxiety nearly two years after Plaintiff's termination from KKM and was unaware of Plaintiff receiving medical treatment for anxiety prior to that time.  (Exhibit 5 of Defs. Mot. at 39–40.)

[2] The record reflects Plaintiff claimed she suffered from IBS during her pregnancy but lacks evidence of official medical treatment or medical diagnosis of such.  Furthermore, Plaintiff does not rebut Defendants' argument on this point.  (*See* Defs. Mot. at 6; Exhibit 5 of Defs. Mot. at 53–57.)

premature.  Defendants are free to raise objections at the appropriate time during Plaintiff's testimony should Plaintiff uses such terms in an impermissible manner.

### III.    Plaintiff's Testimony Regarding Medical Treatment During Pregnancy

Plaintiff received two notes from medical professionals to excuse her from work from June 5 to June 14, 2017 and June 19 to June 21, 2017.  (Exhibits 7 & 8 of Defs.' Mot.)  These notes do not provide any information regarding the medical basis for Plaintiff's absence from work.  (*See id.*)  Defendants seek to preclude Plaintiff's testimony concerning the medical basis of either medical notes, such as that Plaintiff was medically required to be on bed rest or was physically unable to work.  (Defs. Mot. at 7–8.)

Plaintiff represents that she "will testify based on [her] personal knowledge regarding her own symptoms, her visits to health providers and compliance with her employer's request for additional documentation."  (Pl. Opp. at 6.)  Plaintiff states that, to the extent she testifies to her basis for seeking and receiving notes from medical providers, she does not intend to testify to opinions based on scientific, technical, or specialized knowledge. (*Id.*)

In light of Plaintiff's representations, the Court denies Defendant's motion to preclude Plaintiff's testimony regarding the medical basis for her notes received from medical professionals during her pregnancy as premature.  Plaintiff is reminded that she is not a Rule 702 witness and is therefore not permitted to testify as to the medical basis or medical causation of any medical conditions.  She is permitted to testify based on her own personal knowledge of her symptoms, of her reasons for seeking medical treatment, and her compliance with Defendants' request for additional documentation.  Defendants are free to raise objections at the appropriate time should Plaintiff attempts to provide testimony beyond her personal knowledge.

## CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* is DENIED.  In summary, the Court denies as premature Defendants' request to preclude (1) Plaintiff's testimony regarding her job performance; (2) Plaintiff's testimony regarding "anxiety" and "irritable bowel syndrome"; and (3) Plaintiff's testimony regarding her medical treatment during her pregnancy.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 55.


Dated:    March 22, 2022                                      SO ORDERED:
          White Plains, New York

                                      _____
                                            NELSON S. ROMÁN
                                         United States District Judge

9